# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| SCOTT AVIATION, INC., and ANTHONY AIELLO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 04 C 3048 |
| DuPAGE AIRPORT AUTHORITY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant DuPage Airport Authority's ("DAA") motion to dismiss all Counts pursuant to Federal Rule of Civil Procedure 12(b)(6) and to dismiss Counts I through III and Count VII of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, we grant the motion in part and deny the motion in part.

## BACKGROUND

Plaintiff Anthony Aiello ("Aiello") is the founder and principal shareholder of Plaintiff Scott Aviation, Inc. ("Scott"). DAA is authorized by statute to operate DuPage Airport ("Airport"). Plaintiffs allege that in December of 2001, DAA

1

entered into an "Agreement Authorizing Limited Fixed Based Operations"

("Agreement") with Plaintiffs. Plaintiffs allege that under the Agreement they were

authorized to engage in activities at the Airport such as the storage, maintenance,

restoration, and repair of aircraft. Plaintiffs also allege that they were authorized

under the Agreement to sell aircraft parts and accessories, charter freight operations

and freight forwarding, the sale of new and used aircraft, and other operations.

Plaintiffs allege that they invested millions of dollars in establishing their business at

the Airport. Plaintiffs allege that in 1995 DAA issued an ordinance ("Ordinance")

which indicated that DAA would be the only authorized seller of aviation fuel at the

Airport and made fueling more costly except for self fueling. Plaintiffs allege that

the ordinances and policies of DAA artificially inflated the cost at the Airport for

fueling and flying aircraft that are stored at the Airport and for transient aircraft.

Plaintiffs allege that DAA has used its policies and ordinances to create an unlawful

monopoly in the sale of aviation fuel to Airport users unable to self fuel.

In November of 2003 Scott filed a complaint against DAA with the Federal

Aviation Administration ("FAA") in regards to the self-fueling restrictions and the

FAA ruled in favor of the DAA. Plaintiffs subsequently filed the instant action and

include in their amended complaint claims alleging: violations of Section 2 of the

Sherman Act, 15 U.S.C. § 2 (Count I), a denial of Plaintiffs' rights under the Airport

and Airway Improvement Act ("AAIA"), 49 U.S.C.A. § 2201 *et seq.*, in violation of

42 U.S.C. § 1983 ("Section 1983)(Count II), a denial of Plaintiffs' rights under the

2

Commerce Clause in violation of Section 1983 (Count III), retaliation against Plaintiffs for exercising constitutionally protected rights of free speech and redress in violation of Section 1983 (Count IV), discrimination and denial of Plaintiffs' equal protection rights in violation of Section 1983 (Count V), a request for a declaratory judgment (Count VI), and for relief under the unjust enrichment doctrine (Count VII).

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon

which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter,* 286 F.3d 437, 439 (7th Cir. 2002); *Kyle,* 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*Id.,* and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins,* 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251.

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.,* 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the

4

motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that "[w]hen reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff."). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* (citing *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993)). For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."*Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in a Rule 12(b)(1)motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

### I. Issue Preclusion (Counts I, II, III, and VII)

DAA argues that Counts I, II, III, and VII are barred under the doctrine of issue preclusion and that Counts I and II are barred under the doctrine of claim preclusion. For the doctrine of issue preclusion to be applicable: "1) the issue sought

5

to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action." *Washington Group Intern., Inc. v. Bell. Boyd & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004). For the doctrine of claim preclusion a plaintiff must show: "(1) [a] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action between both suits." *Brzostowski v. Laidlaw Waste Systems, Inc*, 49 F.3d 337, 338 (7th Cir. 1995).

The FAA ruling pursued by Scott specifically stated that the issue before the FAA was solely whether or not the DAA restrictions on self-fueling are "unreasonable and constitute unjust discrimination by [DAA] in violation of Title 49 U.S.C. § 47107 (a)(1) and (5) regarding economic discrimination," and whether or not DAA "has exercised its proprietary exclusive fuel operation in such a manner as to constitute an impermissible grant of an Exclusive Right in violation of 49 U.S.C. § 47103(e), 49 47107 (a)(4) and related Federal Grant Assurance #23." (FAA R 8). Neither of those issues is raised in the instant action. Although DAA points to certain common facts that were touched on in the FAA action and the instant action, there is no indication that the legal issues presented before the FAA were the same or were related. DAA has not shown that Plaintiffs' interests, such as the protection of Aiello's civil rights were adequately represented in the FAA action. In the FAA

6

ruling, the FAA addressed whether the self-fueling restrictions violate Ordinances 1998-122 and 1000-135. (FAA R 3). The FAA specifically found that DAA "is not currently in violation of its Federal obligations regarding unjust economic discrimination or exclusive rights," that "having an annual permit fee to drive fuel truck on airport property is reasonable" in terms of whether there was unjust economic discrimination, and that DAA has not "exercised its proprietary exclusive fueling operation in a manner to consist an impermissible exclusive right." (FAA R 2). Nowhere in the FAA decision does the FAA provide an analysis of Plaintiffs' civil rights, anti-trust law, or the applicability of the equitable doctrine of unjust enrichment which is not synonymous with the term "unjust economic discrimination" mentioned by the FAA in its ruling. The FAA specifically addressed issues involving 49 U.S.C. § 47107(a)(1), (4), and (5) which requires "written assurances" that "the airport will be available for public use on reasonable conditions and without unjust discrimination," that there will be reasonable limitations on exclusive rights, and that "fixed-base operators similarly using the airport will be subject to the same charges. . . ." 49 U.S.C. § 47107(a)(1); (a)(4);(a)(5). Defendants oversimplify Plaintiffs' claims in the instant action by claiming that the antitrust claims and civil rights claims are synonymous with the specific statutory provisions that were at issue before the FAA. In addition, Aiello was not a party in the FAA action. Therefore, we deny the motion to dismiss to the extent that it is based upon the doctrines of issue preclusion and claim preclusion.

7

## II. Exhaustion of Administrative Remedies (Counts I, II, and III)

DAA argues that Counts I, II, and III should be dismissed because Plaintiffs failed to exhaust their administrative remedies. DAA cites *Gaunce v. deVincentis*, 708 F.2d 1290 (7th Cir. 1983) in which the Seventh Circuit held that if Congress has created "a statutory procedure for the review of an administrative order, such procedure is exclusive." *Id.* at 1292 (quoting *Oling v. Air Line Pilots Ass'n.*, 346 F.2d 270, 276 (7th Cir. 1965)). However, in the instant action Plaintiffs are not bringing claims seeking to challenge FAA rulings or regulations. Rather they are bringing an action to determine whether or not DAA violated Plaintiffs' civil rights or unlawfully obtained a monopoly. Whether or not DAA's actions were guided by or authorized by FAA rulings or regulations may be a consideration in determining DAA's liability in the instant action, but it does not automatically follow that, if DAA is liable, that the FAA ruling or regulations were incorrect. Plaintiffs properly brought their claims before the FAA that were within the purview of the FAA's review authority. Now Plaintiffs have properly brought the instant actions before this court. DAA cites *Gaunce v. deVincentis*, 708 F.2d 1290 (7th Cir. 1983) for the proposition that Plaintiffs cannot collaterally attack an administrative order. However, in *Gaunce* the plaintiff was specifically seeking to challenge a FAA order that revoked the plaintiff's Airman Certificate and the plaintiff tried to sue in court and couch her claim as a due process claim. *Id.* at 1291. In the instant action,

8

Plaintiffs are not challenging any FAA order and Plaintiffs are not seeking to challenge the FAA's ruling in a collateral manner.

According to DAA, the same facts in the instant action were before the FAA and, to the extent that Plaintiffs assert new claims, they are required to first file a new administrative claim with the FAA. DAA argues that the similarity of facts in the instant action and the FAA action bar the instant action and DAA cites in support of its position *Town of Fairview v. U.S. Dept. of Transp.*, 201 F.Supp.2d 64, 70 (D.D.C. 2002). First of all, *Fairview* is not controlling precedent. Secondly, the plaintiff in *Fairview* that had previously filed an administrative claim was bringing suit in the court action to challenge a plan to develop an airport approved by the FAA. *Id.* at 66-70. In *Fairview*, the plaintiff complained in the court action about assurances and the court stated that "[t]o the extent that [the plaintiff's] allegations about grant assurances have a different factual basis than the claims [plaintiff] brought in its earlier administrative proceeding, [the plaintiff's] proper recourse is to seek administrative review of its allegations against [the defendant.]" *Id.* The court in *Fairview* did not state that all future claims touching on the same set of facts had to be brought in an administrative action. Rather the court stated that all future actions "about grant assurances" which would thus challenge the authority of the FAA needed to be brought in subsequent administrative proceedings. *Id.*

DAA also cites *Oling v. Air Line Pilots Ass'n*, 346 F.2d 270, 276 (7th Cir.

9

1965) for the proposition that a party cannot collaterally attack an administrative order. However, in *Oling*, the court was not addressing a FAA ruling as in the instant action. Rather the action involved a merger that was approved by the Civil Aeronautics Board ("CAB"). *Id.* at 274. The plaintiffs in *Oling* were challenging whether or not the CAB could impose labor protective provisions, such as senior integration as a condition of merger approval. *Id.* at 275. Thus, unlike the instant action in *Oling* the plaintiffs were proceeding in court in a direct attempt to challenge decisions made by the CAB within the scope of its authority. Also, in *Oling*, the court held that a party cannot engage in a collateral attack because the administrative body at issue "has been entrusted by Congress with the power to make [such] determinations. . . ." *Id.* In the instant action the FAA is not entrusted with authority to address the issues raised in Plaintiffs' Section 1983 claims or monopoly claims. Nor has DAA cited any authority that indicates that FAA authority exempts entities such as DAA from civil rights and antitrust prohibitions.

DAA has failed to point to any authority that would even give the FAA jurisdiction to decide Section 1983 civil rights claims, Sherman Anti-trust claims, or for that matter to address the doctrine of unjust enrichment. Defendants claim that Plaintiffs are asserting the same claims, but have merely changed the names of the claims. We do not agree. Plaintiffs have asserted claims that implicate specific rights under the law that were not implicated in the FAA action. DAA properly decided the matters before it within the scope of authority provided to the FAA and

10

addressed the relevance, for instance, of the FAA regulations. Simply because the FAA issued a ruling in regards to the specified statutory provisions and found in DAA's favor regarding the self-fueling monopoly facts does not mean that the self-fueling monopoly does not violate other rules of law. We conclude that, in regards to the claims presented in the instant action, DAA has failed to show that Plaintiffs failed to exhaust available administrative remedies. Therefore, we deny the motion to dismiss to the extent that it is based upon a failure to exhaust administrative remedies.

## III. Primary Jurisdiction and Venue

DAA argues that the action must be dismissed because the FAA has primary jurisdiction and is the proper venue. DAA cites *Reiter v. Cooper* in which the Court stated that a court has discretion to refer or dismiss a case to an administrative agency if the case involves "some issue within the special competence of" the administrative agency. 507 U.S. 258, 268 (1993). DAA's argument is again based upon the misconception that we are presented with the same issues that were presented in the FAA action. The FAA is not the primary jurisdiction for claims such as Section 1983 civil rights claims or Sherman Act antitrust claims and the FAA does not have special competence in regards to resolving such claims. DAA argues that Plaintiffs are attempting to enforce FAA regulations. However, as explained above, Plaintiffs are the master of their complaint and are proceeding

11

under their chosen legal theories. The legal theories relied upon for Plaintiffs' claims are far afield from FAA regulations and, as such, the claims should properly be resolved in this court. Therefore, we deny the motion to dismiss to the extent that it is based on DAA's contention that the FAA has primary jurisdiction.

## IV. Implied Immunity (Count I)

DAA argues that Count I is barred under the doctrine of implied immunity. DAA cites *National Gerimedical Hospital and Gerontology Center v. Blue Cross of Kansas City*, 452 U.S. 378 (1981) for the proposition that it is entitled to implied antitrust immunity. However, as the court made clear in *National* "[t]he antitrust laws represent a 'fundamental national economic policy' . . . [and ] [i]mplied antitrust immunity is not favored, and can be justified only by a convincing showing of clear repugnancy between the antitrust laws and the regulatory system." *Id.* at 388(quoting *United States v. National Association of Securities Dealers*, 422 U.S. 694, 719-20 (1975)). Plaintiffs' complaint is based on allegations that DAA systematically, over a course of years, forced out private sellers of fuel at the Airport in order to obtain a monopoly and inflate prices for its own benefit. DAA has failed to point to any FAA provisions that authorize such actions by DAA. The mere reference to FAA regulations in an action does not automatically cloak all Defendants with implied immunity. Therefore, we deny the motion to dismiss to the extent that it is based upon implied immunity.

12

## V. State Action Immunity (Count I)

DAA argues that Count I is barred under the doctrine of state action immunity. Under the state action immunity doctrine "the Sherman Act does not prohibit official action by, or directed by, the state." *Fuchs v. Rural Elec. Convenience Co-op. Inc.*, 858 F.2d 1210, 1213 (7ᵗʰ Cir. 1988). We agree with Plaintiffs that there is no clearly articulated policy by a state entity authorizing DAA to engage in the alleged misconduct such as the creation of a self-fueling monopoly. Therefore, we deny the motion to dismiss to the extent that it is based upon state action immunity.

## VI. Private Right of Action Under Airport and Airway Improvement Act (Count II)

DAA argues that Count II should be dismissed to the extent that it relies on the existence of a private right of action under the AAIA The United States Supreme Court has "recognized . . . that § 1983 actions may be brought against state actors to enforce rights created by federal statutes as well as by the Constitution." *Gonzaga University v. Doe,* 536 U.S. 273, 279 (2002). To determine whether an individual can base a Section 1983 claim upon a statute the court must inquire as to whether "Congress . . . intended to create a private right of action. . . ."*Id.* (quoting *Touche Ross & Co. v. Redington,* 442 U.S. 560, 576 (1979)). It is clear that 49 U.S.C. § 47107 provides for assurances to be provided to the Secretary of Transportation and the regulations provide for complaints to be filed with the FAA

that allege violations of the AAIA and other statutes. Thus, there is a sufficient indication that Congress did not intend to provide a private cause of action and that the enforcement scheme provided by Congress was not intended to support a private action. Plaintiffs have not pointed to any controlling precedent in support for its position that it can base a Section 1983 claim upon a violation of the AAIA. Therefore, we grant DAA's motion to dismiss Count II.

## VII. Discrimination Against Interstate Commerce (Count III)

DAA argues that Count III should be dismissed because DAA's actions were reasonable and do not discriminate against interstate commerce. However, we agree with Plaintiffs that in order to determine whether the actions of DAA were reasonable requires a factual analysis of the evidence. Such an analysis is improper at the pleading stage. It is not self evident from the allegations that DAA's actions were reasonable, even in light of the FAA ruling. *See Conley*, 355 U.S. 45-46(stating the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Therefore, DAA's argument is premature and we deny the motion to dismiss Count III.

## VIII. Protected Speech (Count IV)

DAA argues that Count IV should be dismissed because the alleged speech at

issue is not protected speech. However, we agree with Plaintiffs that in order to determine whether the speech was protected requires a factual analysis of the evidence. Such an analysis is improper at the pleading stage. It is not self evident based upon the allegations before us that the speech at issue was not protected speech. *See Id.*(stating the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Therefore, DAA's argument is premature and we deny the motion to dismiss Count IV.

## IX. Equal Protection Claim (Count V)

DAA argues that Count V should be dismissed because Plaintiffs fail to state an equal protection claim. DAA argues that Plaintiffs have failed to allege facts that fit into any of the three recognized types of equal protection claim. *See e.g. Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. 1995). However, DAA's position is based upon an overly rigid view of the language in the complaint rather than on the reasonable inferences afforded to Plaintiffs' complaint under the notice pleading standard. We do not agree that Plaintiffs have not provided sufficient allegations to state an equal protection claim. DAA argues, for instance, that Plaintiffs fail to allege in the complaint that DAA acted with malice or was vindictive. However, there are sufficient facts alleged to infer that Plaintiffs contend that DAA acted with sheer malice or was vindictive. Neither are we persuaded by DAA's argument that

15

Plaintiffs did not specifically allege "malice" or specifically allege other terms or elements of a claim. In fact, the Seventh Circuit has been critical of plaintiffs that simply parrot legal jargon and elements when pleading a claim,*See e.g. Perkins*, 939 F.2d at 466-67. Plaintiffs were thus correct to attempt to plead the action in their own words. DAA also improperly focused on the elements for an equal protection claim and whether there are sufficient facts to support each element of the claim. As is explained above, under current notice pleading standard in federal courts, a plaintiff "need to plead facts that, if true, establish each element of a 'cause of action.'" *See Sanjuan*, 40 F.3d at 251(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later.");*See also Conley*, 355 U.S. at 45-46 (1957)(stating that the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). DAA is improperly seeking to challenge the merits of the equal protection claim and thus its argument is premature. Therefore, we deny the motion to dismiss Count V.


## X. Prayer for Damages

DAA argues that Plaintiffs' prayer for damages must be stricken because they are barred by the voluntary payment doctrine. Under the voluntary payment doctrine

16

as defined by Illinois law, "a plaintiff who voluntarily pays money in reply to an incorrect or illegal claim of right cannot recover that payment unless he can show fraud, coercion, or mistake of fact." *Randazzo v. Harris Bank Palatine, N.A.,* 262 F.3d 663, 666 (7th Cir. 2001). DAA seeks the dismissal of Plaintiffs' prayer for relief in Counts I, II, III, VI, and VII that request a refund of fees paid under Ordinance numbers 1998-121 and 1998-122. DAA argues that regardless of whether the Ordinances are determined to be valid, pursuant to the voluntary payment doctrine, Plaintiffs are not entitled to a refund of the fees. Plaintiffs respond by arguing that there was coercion on the part of DAA and thus, the coercion exception to the voluntary payment doctrine is applicable. Plaintiffs argue that the fact that they allege that they protested the fees shows coercion. We cannot agree that such an inference is reasonable. Even when making all inferences in favor of Plaintiffs we cannot find that there are indications of coercion. Plaintiffs, in their answer, failed to point to one allegation that shows coercion or even hints at coercion. Therefore, we grant the motion to dismiss to the extent that Plaintiffs seek the repayment of the Ordinance fees.

## XI. Unjust Enrichment Claim (Count VII)

DAA argues that the unjust enrichment claim (Count VII) should be dismissed. DAA claims that dismissal is required "because the Authority's conduct was legal and proper." (Mot. 18). First of all, whether or not DAA's conduct was

17

legal and proper is a determination to be made after the pleading stage. At this juncture we are merely determining whether or not Plaintiffs have viable claims rather than evaluating the merits of the claims. DAA argues that its conduct was specifically authorized by the FAA and that in order to grant relief under the unjust enrichment claim we would need to contradict the explicit statutory provision giving the FAA its authority. DAA is mistaken. Unjust enrichment is an equitable claim intended, as are all equitable claims, to ensure fairness and justice and to supplement legal remedies. Plaintiffs have made a variety of claims that indicate that DAA, in setting up a monopoly on fueling, was not merely acting based upon orders from the FAA. Also, whether or not the statutory provisions governing the FAA will have an impact on determining whether or not DAA was unjustly enriched shall be addressed further on in the proceedings when the court evaluates the evidence relating to the claims and thus, in this regard, DAA's argument is premature. Therefore, we deny the motion to dismiss the unjust enrichment claim.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss Count II to the extent that it relies on the existence of a private right of action under the AAIA. We grant the motion to dismiss the prayers for relief in Counts I, II, III, VI,

and VII that request a refund of fees paid under Ordinance numbers 1998-121 and 1998-122. We deny the DAA's motion to dismiss the remaining claims.


Samuel Der-Yeghiayan
United States District Court Judge


Dated: January 24, 2005